James **POWELL** and Carol **Powell**, Plaintiffs-Appellants,

v.

**CITY OF OSCEOLA**, Missouri, and Glen F. Toalson, Defendants-Respondents.

No. 12480.

Missouri Court of Appeals, Southern District, Division Two.

June 24, 1982.

Willard B. Bunch, Bunch, O'Sullivan, Sandifar & Hill, Kansas City, for plaintiffs-appellants.

John M. Belisle and J. D. Baker, Belisle & Baker, Osceola, for defendants-respondents.

BILLINGS, Judge.

Plaintiffs sued defendants, seeking to recover $2,500.00 as damages for "legal fees and other expenses" allegedly incurred by plaintiffs in prior litigation against Department of Army, Corps of Engineers, Missouri Public Service Company, and present defendants. The trial court sustained defendants' motion to dismiss the petition for failure to state a cause of action. We affirm.

Plaintiffs alleged they were the owners of certain real estate in defendant city; that defendants, contrary to and in violation of an ordinance requiring action by the board of aldermen, entered into an agreement with the Corps of Engineers and Missouri Public Service Company to move construction of an electrical substation from an original site to another site and that such second site construction would have resulted in damage to plaintiffs' property; that plaintiffs were required to commence litigation against the Corps of Engineers, Missouri Public Service Company, and these defendants, for injunctive and declaratory relief; that as a result of said litigation, the Corps of Engineers and Missouri Public Service Company agreed to relocate the substation further away from plaintiffs' property; that "In forcing the Plaintiffs to file suit in the United States District Court in order to protect their rights and property, Defendants Toalson and City of Osceola have caused injury and damage to Plaintiffs in that Plaintiffs were forced to hire attorneys and incur legal fees and other expenses in the amount of [$2,500.00] to protect them from the illegal, unauthorized and *ultra-vires* acts of Defendants Toalson and City of Osceola." The prayer of the petition was for judgment jointly and severally against defendants for $2,500.00 actual damages.

In their briefs, the parties do not address the fundamental issue of whether or not attorney's fees and expenses of the prior litigation are recoverable in this suit. Plaintiffs' brief is replete with generalities concerning pleadings and defendants' brief is directed to plaintiffs' failure to properly plead a substantive action in tort and the governmental immunity of defendants.

The Missouri rule and the general rule stand for the proposition that attorney fees and other expenses incident to litigation are not ordinarily recoverable in damage actions. *Edwards v. Smith*, 322 S.W.2d 770 (Mo.1959); 25 C.J.S. Damages § 50 (1966); 22 Am.Jur.2d, Damages § 165 (1965). "Our law allows recovery of such a fee by authority of statute or contract, or on occasion when employed by a court of equity to balance benefits, or as an element of damage to a wronged party in a collateral proceeding brought to correct a breach of duty by the adversary." *Burchett v. Burchett*, 572 S.W.2d 494, 504 (Mo.App.1978). However, "[I]t is generally held that the rule permitting recovery for attorney fees and other expenses of prior litigation caused by the wrongdoer has no application where the prior litigation was between the parties to the present suit, and that where an action based on the same wrongful act has been prosecuted by plaintiff against defendant to a successful issue, he cannot in a subsequent action recover his costs and expenses in the former action as damages." 25 C.J.S. Damages § 50, pp. 788–789.

The judgment is affirmed.

PREWITT, P. J., MAUS, C. J. and HOGAN, J., concur.